## (February 21, 1967)

■ NAT GLUCK, Appellant, v. LEWIS S. ROSENSTIEL et al., Respondents.— Order entered on August 15, 1966 granting motion by defendants for summary judgment, and judgment entered thereon on August 16, 1966, reversed, on the law and the facts and in the exercise of discretion, without costs or disbursements, defendants' motion for summary judgment denied, and the matter remanded to the Justice by whom the motion was heard for further proceedings in accordance with this memorandum. Our prior decision (25 A D 2d 838) contemplated that defendants might renew their motion for summary judgment and that plaintiff might move for an examination before trial. When defendants did renew their motion plaintiff submitted an affidavit of counsel urging *inter alia* that the motion be adjourned pursuant to CPLR 3212 (subd. [f]) in order to enable plaintiff to seek disclosure in this action or in a companion suit pending in Delaware. Upon the oral argument at Special Term the court inquired whether plaintiff wanted additional time to obtain affidavits in opposition to the motion or take depositions, and plaintiff's counsel stated he would rest on the papers. No record was made of this exchange; but whatever was said, it is quite likely that the court, in the context of the argument, received the impression that plaintiff did not wish further time for discovery proceedings and was willing that the merits of the motion for summary judgment be decided on the papers then before the court. It is regrettable that we do not have a transcript of the argument. Since plaintiff's counsel, however, has represented to this court unreservedly that he had no intention of abandoning his request for an adjournment, and his desire for an opportunity to seek

depositions is strongly put forth in the affidavit he submitted at Special Term, it is fair to infer that the impression he created at the hearing there resulted from inadvertent failure of communication. No substantial prejudice to defendants appearing, it is appropriate that the misunderstanding be remedied. Accordingly, and without intimating any view about the merits of defendants' motion or about plaintiff's claim to an examination, we vacate the order and judgment and remand the matter to the Justice by whom it was heard for consideration *de novo* upon the papers submitted and any additional appropriate papers. Concur — Botein, P. J., Steuer and McNally, JJ.; Stevens and Rabin, JJ., dissent in the following memorandum by Rabin, J.: I dissent and vote to affirm the order and judgment appealed from which granted defendants-respondents' motion for summary judgment, dismissing the complaint against them on the merits. The gravamen of the action is that Schenley's public tender offer to purchase 1,000,000 shares of its stock at a price somewhat higher than that of the market was not made in good faith and would not serve any legitimate business purpose of Schenley. There had been a prior order granting summary judgment to the defendants-respondents which this court reversed. In so doing we stated that it was "without prejudice, however, to renewal of the motion on fuller papers or following examination before trial * * * if such examination should be obtained." (*Gluck* v. *Rosensteil,* 25 A D 2d 838.) The defendants have now, in compliance with our decision, submitted fuller papers, while up to the time of this new motion for summary judgment the plaintiff has not made any application for examination before trial in this action. We now consider whether these papers are sufficient to warrant the granting of summary judgment. A review of the record indicates that appellant has offered nothing other than bald conclusory statements to indicate that there were any wrongdoings in relation to the public tender. All that has been shown by plaintiff is that a public tender was made at a price higher than that of the market. However, that, in and of itself, does not make out a case. The nature of a public tender requires that the price set be above the market; otherwise there would be no inducement for the acceptance of the tender. I might add, that in all probability it would be futile to attempt to purchase 1,000,000 shares in the open market without a tender. To do so would undoubtedly drive the market price above the tender. On the other hand, the defendants now submit additional evidentiary matter which, as stated by Special Term, establishes: "(1) that the tender offer was made in good faith, after obtaining favorable advice from their legal counsel and financial advisers * * * and (2) that the proposed purchase would be in the interest of the company and stockholders and would result in increased earnings and book value of the company's remaining outstanding shares." Such evidentiary matter stands uncontradicted in the record. It is my opinion that inasmuch as it has been shown by satisfactory evidentiary proof that the price set was proper in relation to the circumstances of the corporation and of the market, and that purchase of the shares would be of benefit to the corporation and to the stockholders, Special Term acted properly in granting summary judgment. The plaintiff seems to think that summary judgment should not be granted until he has had an examination before trial, although no formal application for one has been made by him. In opposition to the motion for summary judgment the plaintiff asked that the motion be adjourned "until 30 days after completion of disclosure proceedings". Special Term, in granting the motion for summary judgment, stated as follows: "It should be noted on the record that upon oral argument of this motion, when the court inquired as to whether plaintiff wanted additional time to obtain affidavits in opposition to this motion or take depositions, plaintiff's counsel flatly stated that he

would rest on the papers and the motion was, accordingly, marked submitted as indicated on the court calendar." It appears, therefore, that the appellant in all probability could have had an adjournment if he had answered in the affirmative to the court's question. He relied, however, upon his affidavit in opposition to this motion and upon the papers in the prior motion to establish his right to an examination before trial. It is my opinion that these papers are wholly insufficient upon which to grant an examination, even if they may be deemed to be a request for such relief. Examinations before trial, in derivative actions, are not granted as liberally as in other actions. They certainly are not granted when, as here, no showing of merit has been made. The plaintiff not having established any right to an examination before trial, and not having refuted the evidence of defendants, which established to my mind their right to summary judgment, the order granting summary judgment should be affirmed. Settle order on notice.